**WEN XU, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–72225.**

United States Court of Appeals, Ninth Circuit.

Submitted May 25, 2010.*

Decided June 1, 2010.

Kathleen Siok–Sien Koh, Esquire, Law Office of Kathleen S. Koh, Whittier, CA, for Petitioner.

Shelley Goad, Assistant Director, OIL, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

*See* Fed. R. App. P. 34(a)(2).

MEMORANDUM **

Wen Xu, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") order of removal and denying her motion to remand. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo constitutional claims. *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). We dismiss in part, deny in part, grant in part, and remand.

We lack jurisdiction to review Xu's contention that the agency abused its discretion by denying her adjustment of status application as a matter of discretion. *Hosseini v. Gonzales*, 471 F.3d 953, 956–57 (9th Cir.2006).

Xu has failed to establish that her due process rights were violated by the BIA's composition during the pendency of her administrative appeal. *See Cano–Merida*, 311 F.3d at 964–65.

Because the BIA failed to address Xu's contentions that the IJ's conduct violated due process, we remand for the BIA to consider these contentions in the first instance. *See Montes–Lopez v. Gonzales*, 486 F.3d 1163, 1165 (9th Cir.2007).

Each party shall bear its own costs in this petition for review.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).